IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| RICHARD MORRIS | : | |
| Petitioner | : | |
| v. | : | Civil No. RDB-10-152 |
| | | Criminal No. RDB 07-0321 |
| UNITED STATES OF AMERICA, et al. | : | |
| Respondents | : | |

.....................
## MEMORANDUM OPINION

Before the Court is a *pro se* 28 U.S.C. §2241 Petition for Writ of Habeas Corpus filed by Richard Morris, a federal prisoner incarcerated at FCI-Beckley in Beaver, West Virginia, challenging his convictions in this court for possession with intent to distribute cocaine base and marijuana.

The threshold question presented here is whether this claim is properly raised in a § 2241 petition or is more properly construed under 28 U.S.C. § 2255. A writ of habeas corpus pursuant to 28 U.S.C. §2241 and a Motion to Vacate, Set Aside or Correct sentence pursuant to 28 U.S.C. § 2255 are separate and distinct mechanisms for obtaining post-conviction relief. A § 2241 petition attacks the manner in which a sentence is executed. *See* 28 U.S.C. §2241(a). In a § 2241 action, the petition must be filed in the district court of the district where petitioner is in custody. *See* 28 U.S.C. § 2241(a); *Braden v. 30th Judicial Circuit*, 410 U.S. 484, 495-500 (1973). By contrast, a § 2255 motion challenges the validity of a conviction or sentence. *See In re Jones*, 226 F.3d 328, 332 (4th Cir. 2000); *In re Vial*, 115 F.3d 1192, 1194 n. 5 (4th Cir. 1997) (*en banc*). A § 2255 motion must be brought in the court which imposed the sentence. *See* 28 U.S.C. § 2255.

The Petition raises claims concerning the jurisdiction of this Court to hear the criminal proceedings, and clearly challenges the validity of the conviction and sentence imposed. Regardless of the label used by Morris, the subject matter of the motion, and not its title, determines its status. *See e.g., Calderon v. Thompson*, 523 U.S. 538, 554 (1998).

Although a federal prisoner generally may not seek collateral relief from a conviction or sentence by way of § 2241, there is an exception under the so-called "savings clause" in § 2255.[1] It provides a prisoner may seek relief under § 2241 if the remedy under § 2255 is "inadequate or ineffective to test the validity of his detention." 28 U.S.C. § 2255. In *Jones,* the United States Court of Appeals for the Fourth Circuit held that § 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law. *See Jones,* 226 F.3d 333-34. Petitioner does not satisfy the criteria set forth in *Jones* for demonstrating that a § 2255 petition is an inadequate or ineffective remedy. Petitioner's recitations to the contrary, the Petition is properly construed under 28 U.S.C. § 2255, and it will be dismissed without prejudice.[2]

---

[1] 28 U.S.C. §2255 provides in relevant part:
> [a]n application for a writ of habeas corpus on behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

2 Petitioner's first Motion to Vacate filed pursuant to 28 U.S.C. § 2255 is currently pending before this Court. *See Morris v. United States*, Civil Action No. RDB-10-141 (D. Md. 2010). Petitioner may file an amended motion to include any claims raised in these proceedings that he failed to raise in the properly filed § 2255.

Accordingly, the court will dismiss the Petition without prejudice. A separate Order consistent with this Memorandum Opinion follows.

February 25, 2010            /s/_____
Date                                RICHARD D. BENNETT
                                       UNITED STATES DISTRICT JUDGE