IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | Criminal No. RDB-07-0321 |
| | | Civil No. RDB-10-0141 |
| RICHARD MORRIS, | * | |
| Petitioner | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

MEMORANDUM OPINION

On January 15, 2010, Richard Morris filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (ECF No. 44). Morris challenges the sentence of 240 months that this Court imposed on February 27, 2008. The Government filed a Response in Opposition (ECF No. 47) to Morris' petition. This Court has reviewed the record and finds that no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2010). For the reasons set forth below, the Motion to Vacate Under 28 U.S.C. § 2255 is DENIED.

BACKGROUND

On July 19, 2007, a federal grand jury indicted Richard Morris ("Morris"), charging him with possession with the intent to distribute cocaine base and marijuana. On December 3, 2007, Morris appeared before this Court and entered a guilty plea. Pursuant to a plea agreement with the government1, Morris preserved the right to appeal an order denying his suppression motion.

The relevant facts are not in dispute and were stipulated to by Morris in his plea agreement. In sum, those facts are as follows: On April 12, 2007, in the area of Bushey Street

---

[1] The plea agreement was entered into evidence as Government Exhibit No.1 at the time of this guilty plea.

and Dundalk Avenue, Baltimore City Police Detectives observed Morris as he pulled into a gas station driving a BMW. Morris entered the gas station store and subsequently exited the store to meet with a person identified as Jermaine Mason, who had come running into the gas station from the street. Mason and Morris looked in the agents' direction, went into the store, came back out, got into the BMW, drove around the block, and returned to the parking lot of the gas station. The agents then approached the vehicle, and Morris attempted to flee. On the floor of the passenger side of the vehicle, the agents observed two plastic bags with white rock substance that were later found to contain cocaine. The agents arrested the occupants of the car, including Tina Morris, the sister of Richard Morris. At that point, Morris said, "Everything is mine, she doesn't have anything to do with it." The agents recovered four cell phones and $3,144.00 from Morris, $325 from Mason, and other money found in the BMW. In addition, police found a 1995 Lexus automobile, registered in Richard Morris' name, outside of his house. A certified canine alerted to this car for the presence of controlled substances. Police then conducted a search of the vehicle, in which they found 87 grams of cocaine base plus marijuana packaged for sale. Richard Morris agreed that he possessed cocaine base and cocaine with the intent to distribute those controlled substances. *See* Plea Agreement pages 3-4.

On February 27, 2008, Morris was sentenced to 240 months in prison. Morris filed a notice of appeal on March 3, 2008, arguing that this Court should have suppressed evidence against him as the agents involved lacked reasonable suspicion to seize him. On January 12, 2009, the United States Court of Appeals for the Fourth Circuit affirmed Morris' conviction. *United States v. Morris*, 305 Fed. Appx. 992; 2009 U.S. App. LEXIS 470 (4th Cir. Jan. 12, 2009). The Court of Appeals found that the officers had reasonable suspicion to believe Morris was engaged in criminal drug activity. *Id.* at 4-5. On January 15, 2010, Morris filed a Petition

for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 as well as the pending Motion to Vacate, Set Aside, or Correct Sentence pursuant to U.S.C. § 2255. On February 25, 2010, this Court dismissed Morris' § 2241 petition. This Court now considers Morris' § 2255 motion.

ANALYSIS

Morris claims that this Court lacked jurisdiction in his case and also that he received ineffective assistance of counsel. However, Morris' claim as to jurisdiction is without merit, and his claim regarding ineffective assistance of counsel lacks any supporting evidence.

I. Lack of Jurisdiction

Morris argues that this Court lacked personal, territorial and subject matter jurisdiction in his case. However, Morris cites no legal authority to support any of his claims.

When a crime takes place within the territorial reach of a government's legislative power, the government is generally considered to have jurisdiction over the matter. Wayne R. LaFave, et al., *Criminal Procedure*, § 16.1 (4th ed. West 2004). In this case, Morris committed crimes in Baltimore, Maryland, which is within the legislative reach of the federal government. Further, 18 U.S.C. § 3231 gives federal district courts jurisdiction over all offenses against the laws of the United States. As Morris pleaded guilty to federal crimes that took place within the United States, this Court had jurisdiction in his case.

Venue was also proper in this case. Under Rule 18 of the Federal Rules of Criminal Procedure, the government is generally required to prosecute criminal acts in the district where the offense was committed. Fed. R. Crim. P. 18. As Morris' offense took place in Baltimore, Maryland, his case was properly adjudicated in this Court.

For these reasons, this Court finds that jurisdiction and venue were proper.

II. Ineffective Assistance of Counsel

Morris repeatedly asserts that he received ineffective assistance of counsel. A two-part test announced in *Strickland v. Washington*, 466 U.S. 668, 687 (1984), governs the standard for examining ineffective assistance claims. First, a petitioner must demonstrate that the performance of his counsel was deficient by falling below an objective standard of reasonableness. *Id.* Second, a petitioner must demonstrate that he suffered prejudice as a result of the defective performance. *Id.* The Supreme Court has made it clear that courts should "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered a sound trial strategy." *Id*. at 689. Further, the Fourth Circuit has found that in situations where a petitioner pled guilty, he must demonstrate that "there is a reasonable probability that but for counsel's errors he would not have pleaded guilty and would have insisted on going to trial." *Hooper v. Garraghty*, 845 F.2d 471, 475 (4th Cir. 1988.)

Morris makes general allegations that his attorney failed to challenge this Court's jurisdiction and failed to understand the laws under which Morris was charged. Morris does not provide any evidence, legal arguments, or legal support for his allegations, and therefore this Court is unable to evaluate his claims. Further, as discussed above, jurisdiction was proper in this case, which forecloses any claim that his attorney erred by neglecting to challenge this Court's jurisdiction. Given that Morris has provided no evidence or legal theories to support his arguments, he does not meet the standards for proof of ineffective assistance of counsel articulated above.

## CONCLUSION

For the reasons stated herein, Morris' Motion to Vacate is DENIED. A separate Order

follows.

A certificate of appealability shall not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253 (c)(2) (2000). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that an assessment of the constitutional claims is debatable and that any dispositive procedural ruling dismissing such claims is likewise debatable. *Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003); *Rose v. Lee*, 252 F.3d 676, 683-84 (4th Cir. 2001). Because reasonable jurists would not find Petitioner's claims debatable, a certificate of appealability is DENIED.

    SO ORDERED.

Dated April 13, 2011.                                                /s/
                                                          Richard D. Bennett
                                                          United States District Judge